IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jackson National Life
Insurance Company          :

    Plaintiff          :

    v.                 : Case No. 3:15-CV-717

Linda Lunt, Lisa Donovan,  :
Lonnie Brice, Brian Laurich, : (Judge Richard P. Conaboy)
Alexander Polkowski, and   :
Richard Polkowski          :

    Defendants         :

FILED SCRANTON NOV 23 2015 PER _____ DEPUTY CLERK

**Memorandum**

We consider here Plaintiff's Motion for Judgment on the Pleadings (Doc. 25) in the above-referenced case, an Interpleader action in which the Plaintiff, Jackson National Life Insurance Company, is currently holding the proceeds of three life insurance policies on the life of decedent Flora Yurkanin, late of West Newton, Pennsylvania. Plaintiff is beset by competing claims to the proceeds of these policies from those listed as the current beneficiaries on Plaintiff's records and a person who had formerly been listed as the sole primary beneficiary of these policies. Plaintiff has no interest in who receives these proceeds and seeks to be protected from potential financial harm should the proceeds be released to a party or parties who could later be determined to be unentitled to them.

On June 19, 2015, after determining it could appropriately

1

exercise jurisdiction over this case, this Court entered an Order which, inter alia, directed all Defendants "to file briefs setting forth all relevant factual and legal issues supporting their competing claims to the proceeds of three annuities issued to Flora Yurkanin by Jackson National". On July 17, 2015, Plaintiff filed a Motion for Judgment on the Pleadings, the primary object of which was to obtain an Order from this Court directing it to pay the proceeds of the subject policies into the Court's Registry and absolve it from further liability.

Plaintiff has moved for judgment on the pleadings and comprehensively briefed that motion. The Court is satisfied that Plaintiff is merely a disinterested stakeholder and, as such, is precisely the type of party who should benefit from the Interpleader Statute, 28 U.S.C. § 1335. Interpleader allows a party who controls a limited fund and who fears being subjected to multiple claims to that fund to satisfy its obligations in a single proceeding. Prudential Insurance Company of America v. Hovis, 553 F.3d 258, 262 (3d. Cir. 2009). The fear of being subjected to successive claims is reasonable here given the obvious antagonism among the various Defendants. While complete diversity of citizenship does not exist among the competing Defendants, there is minimal diversity here inasmuch as the Defendants reside in at least three different states and the Plaintiff is incorporated in still a fourth. Such minimal diversity is sufficient to support a

2

party's invocation of statutory interpleader. CNA Insurance Company v. Waters, 926 F.2d 247, 249 n.5 (3d. Cir. 1991).

The Plaintiff's only interest here is to make the policy proceeds available to whichever party or parties is ultimately judicially determined to be the appropriate recipient. No Defendant has opposed Plaintiff's motion. Rule 7.6 of the Rules of Court for the Middle District of Pennsylvania requires that any party opposing a motion must file a brief in opposition thereto or be deemed not to oppose that motion within fourteen days after service of the movant's brief. Because no Defendant has complied with the terms of Rule 7.6, they will be deemed unopposed to Plaintiff's motion. Moreover, Plaintiff's counsel has indicated in subsequent filings that all Defendants have explicitly concurred in Plaintiff's Motion for Judgment on the Pleadings. Accordingly, Plaintiff's motion will be granted. An Order consistent with this determination will be filed contemporaneously.

BY THE COURT

_____
Honorable Richard P. Conaboy
United States District Court

Dated: Nov 3 - 2005