IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jackson National Life Insurance Company

    Plaintiff

v.

Linda Lunt, Lisa Donovan, Lonnie Brice, Brian Laurich, Alexander Polkowski, and Richard Polkowski

    Defendants

: Case No. 3:15-CV-717

: (Judge Richard P. Conaboy)

## Memorandum

Before the Court is a Motion to Stay Proceedings (Doc. 28) in the above-referenced matter, a dispute over which party or parties is the rightful owner of three insurance policies on the life of Decedent Flora Yurkanin, filed by Defendants Lisa Donovan, Lonnie Brice, Brian Laurich, Alexander Polkowski and Richard Polkowski (the "moving Defendants"). This motion has been opposed by co-Defendant Linda Lunt. The object of moving Defendants' motion is to persuade this Court to "abstain from exercising further jurisdiction [1] due to the absence of any claim before this Court and the concurrent pendency of a state court action." (Doc. 28, ¶ 1). The state court action referenced in the motion is an estate proceeding in the Westmoreland County Court of Common Pleas. (Doc.

---

[1] The Court has already exercised jurisdiction over this interpleader action to the extent that it has ordered Plaintiff Jackson National Life Insurance Company ("Jackson") to pay the contested funds into the Court's registry. (See Doc. 36).

1

28, ¶ 4). The moving Defendants assert, without specific detail, that "matters relating to Lunt's presumed claims have been litigated in the Orphans' Court (of Westmoreland County) and that it would be in the interest of judicial efficiency and conserve the parties' resources to permit the Westmoreland County Court of Common Pleas to determine the rightful owner of the sums in question." (Doc. 28, ¶¶ 5 and 13).

Defendant Lunt objects to a stay of proceedings in this Court and contends that the question of which party or parties should receive the insurance proceeds in question has not yet been addressed in the Westmoreland County action. (Doc. 35 at 5). Defendant Lunt asserts further that, because the sums in question, the proceeds of three insurance policies, are not probate in nature, the Westmoreland County Court of Common Pleas does not enjoy purview over these assets. (Id). Should it ultimately be determined that any of the parties to this action are entitled to the funds in question, the funds will, indeed, pass via contract and not via probate.

Defendant Lunt also contends that she is entitled to the proceeds in question under a change of beneficiary form executed by decedent Flora Yurkanin on December 28, 2007. (Doc. 35-1, Ex. A). Defendant Lunt argues that subsequent change of beneficiary forms in favor of the moving defendants that were executed by Flora Yurkanin in 2011 were not executed by her at a time when she was in

2

a sound and disposing mind.

The moving Defendants state correctly that the mental capacity of a donor is presumed under Pennsylvania Law and that the party opposing such a determination bears the burden of proving incapacity. (Doc. 29 at 19-20). The question whether Flora Yurkanin retained the mental capacity to execute the change of beneficiary forms in favor of the moving Defendants in 2011 is one that can be answered only with resort to medical evidence. It is a daunting challenge to ascertan an individual's mental competence at a precise moment in time because persons suffering from cognitive problems can have moments of lucidity. Estate of Angle, 777 A2d. 114, 123 (Pa. Super. 2011). Defendant Lunt's filings include mention of two physicians, Dr. Thomas Ljungman and Dr. Lindsey Groves, who both examined Flora Yurkanin before she executed the change of beneficiary forms in favor of the moving Defendants. Both physicians allegedly concluded that she was mentally impaired due to dementia before that date. In any case, it appears that these physicians, both of whom reside in western Pennsylvania, can shed light on the question whether Yurkanin possessed the mental capacity to execute change of beneficiary forms in favor of the moving Defendants in November of 2011.

The moving Defendants seek to denigrate Defendant Lunt's entitlement to the insurance proceeds under previous change of beneficiary forms executed by Flora Yurkanin on the premise that

3

the power of attorney under which Lunt allegedly arranged to be the beneficiary of the subject policies did not authorize her to become the beneficiary of those policies. Defendant Lunt responds that Flora Yurkanin herself executed the change of beneficiary forms in Lunt's favor at a time when she was indisputably of sound and disposing mind. Witnesses who can testify to the authenticity of Flora Yurkanin's signature on the change of beneficiary forms favorable to Defendant Lunt are almost certainly residents of western Pennsylvania.

Certain things are clear to the Court. First, none of the persons contending to be the beneficiary of the insurance policies in question appear to be obviously logical objects of Flora Yurkanin's bounty. No filing indicates that any of these persons are related in any fashion to Flora Yurkanin. It is also clear that much discovery must be conducted and much evidence compiled before any Court is in a position to determine whether either the moving Defendants or Defendant Lunt have a legitimate claim to the contested insurance proceeds. It may very well be that the reviewing Court will ultimately decide that none of the contesting Defendants here are entitled to these insurance proceeds, in which case the proceeds will pass to the residuum of the Yurkanin Estate. It is also clear that the witnesses whose testimony will be relevant to resolving these issues are all located in western Pennsylvania, thus making it more convenient and economical to

litigate this matter there.  Moreover, the party who chose this Court as the site of its interpleader, Jackson, has no further interest in this matter as the Court has directed it to deposit the funds in question into the Court's registry and absolved it of further liability in this matter.  Thus, we now confront a purely state court issue in a matter where complete diversity of the parties does not exist.  This calls into question the propriety of this Court continuing to exert jurisdiction over a case that has only the most tenuous connection to the Middle District of Pennsylvania.

The Court believes that the United States District Court for the Western District of Pennsylvania is the most appropriate venue to expeditiously resolve this matter.  The Court is empowered to transfer this case sua sponte to any district where it might originally have been brought pursuant to 28 U.S.C. § 1404(a). Ondis v. City of Woonsocket, 480 F.Supp. 2d (D. Mass. 2007); Keating Fiber Intern, Inc. V. Weyerhauser Co., Inc., 416 F.Supp. 2d 1048 (E.D. Pa. 2006).  Defendants Lunt, Brice and Laurich live in or closer to the Western District of Pennsylvania than any point in the Middle District of Pennsylvania while Defendants Donovan and the two Polkowski's live closer to this Court.  Thus, the convenience of the remaining parties will be equally well served in either venue.  Yet, as stated earlier, the key witnesses and pertinent documentary evidence are heavily concentrated in western

Pennsylvania and Flora Yurkanin, whose assets are the focus of this matter, lived her entire life there. The convenience and availability of the witnesses is perhaps the most important factor to be considered when a court considers a change of venue. Hotel Constructors, Inc. v. Seagrave Corp., 543 F.Supp. 1048, 1051 (N. D. Ill. 1982); Schmidt v. Leader Dogs for the Blind, Inc., 544 F.Supp. 42, 48 (E.D. Pa. 1982). Thus, in the interest of judicial economy and overall convenience for the parties and witnesses, the Motion to Stay Proceedings (Doc. 28) in federal court will be denied and this Court will direct transfer of this litigation to the United States District Court for the Western District of Pennsylvania. An Order consistent with this determination will be filed contemporaneously.

BY THE COURT

_____
Honorable Richard P. Conaboy
United States District Court