# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKSON NATIONAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) Civil Action No. 15-1629 ) |
| v. | ) ) |
| LINDA LUNT, LISA DONOVAN, LONNIE BRICE, BRIAN LAURICH, ALEXANDER POLKOWSKI, and RICHARD POLKOWSKI, Defendants. | ) ) ) ) ) ) |

## MEMORANDUM OPINION & ORDER

Presently pending is Jackson National's Motion for Attorney's Fees [ECF No 58]. For the reasons stated herein, the motion will be granted

Because we write for the parties, the Court will not provide a lengthy discussion of the procedural and factual history of this case.

The action arises out of conflicting multiple claims to the proceeds of three life insurance annuity policies ("the Policies") issued by Jackson National to Flora Yurkanin, late of West Newton, Westmoreland County, who died testate on January 17, 2015. [ECF No. 1]. Defendants herein are claimants Lonnie Brice, Lisa Donovan, Brian Laurich, Alexander Polkowski, and Richard Polkowski (hereinafter "Beneficiaries"), as well as adverse claimant, represented by separate counsel, Linda Lunt.

On April 13, 2015, Jackson National filed the instant action in the United States District Court for the Middle District of Pennsylvania at Case Number 3:15-cv-00717 (Conaboy, J) [ECF No. 1].

On July 10, 2015, the Beneficiaries filed an Action for Declaratory Judgment in the Court

of Common Pleas of Westmoreland County [ECF No. 29-1) ("the Estate case") for purposes of determining the proper beneficiaries of the Jackson Life insurance policies.

After reviewing the briefs submitted, Judge Conaboy granted Jackson National's Motion for Judgment on the Pleadings by Order dated November 23, 2015. [ECF No. 36]. The Court ordered Jackson National to pay the entire accrued sums on its annuity policies into that Court's registry and released Jackson National from further liability. [ECF No. 36]. On December 10, 2015, those sums were so received by that Court. On December 11, 2015, Judge Conaboy summarily denied the Motion to Stay Proceedings in federal court and instead, directed transfer of the case to this Court pursuant to 28 U.S.C. § 1404(a) in the interest of judicial economy and overall convenience for the parties and witnesses. [ECF No. 38 at 6.]

On December 21, 2015, this Court entered an Order that the Clerk of Court for this district deposit to the registry of this court the proceeds of the three annuity policies whose beneficiary designation is at issue. Those sums totaled $141,003.40.

On January 14, 2016, this Court entered an order that the parties submit briefs addressing why the case should or should not be stayed. [ECF No. 50]. On February 23, 2016, this Court entered a Memorandum Opinion and Order staying the case pending resolution of matters filed in the Court of Common Pleas of Westmoreland County. [ECF No. 63]

Jackson National's Motion for Attorney Fees, Costs and Expenses was filed on February 19, 2016, prior to entry of the stay by this Court. (It had requested the award of fees and costs in its Motion for Judgment on the Pleadings, without specificity as to amount, but requested Judge Conaboy not rule on that request, the amount to be determined following resolution of the Motion for Judgment on the Pleadings.) Jackson National asserts it has incurred $10,941.80 in necessary and reasonable fees. [ECF No. 58, 59]. Defendants were given an opportunity to

respond to the motion, and on February 26, 2016, Beneficiaries filed a Response in Opposition to Plaintiff's Motion for Fees, Costs, and Expenses. [ECF No. 64]. Lunt did not file a response.

Beneficiaries concede that the award of attorney's fees is within the sound discretion of the court [ECF No. 64 at ¶1], but object because "Jackson refused to consider Beneficiaries' request that matter [sic] be filed in Westmoreland County, Pennsylvania and caused a flurry of filings that ultimately led to this Honorable Court's February 23, 2016 Order staying this case due to the pendency of the Westmoreland County actions." [ECF No. 64 at ¶ 11]. The Beneficiaries further argue that "[t]here was and is no legitimate reason for Jackson to have commenced this Action in the Middle District (which transferred to the Western District) or even in the Western District (which stayed due to the state court action(s)). [ECF No. 64 at ¶12]. The Beneficiaries ask that we award no fees or, in the alternative, that no fees be awarded for any work except the mere preparation of the Complaint. [ECF No. 64 at ¶13].

That the interpleader action herein was permitted cannot be denied. Citing controlling precedent *CNA Insurance Company v. Waters,* 926 F.2d 247, 249 n. 5 (3d Cir. 1991), in his Memorandum granting the Motion for Judgment on the Pleadings, Judge Conaboy noted:

> While complete diversity of citizenship does not exist among the competing Defendants, there is minimal diversity here inasmuch as the Defendants reside in at least three different states and the Plaintiff is incorporated in still a fourth. Such minimal diversity is sufficient to support a party's invocation of statutory interpleader.

[ECF No. 37 at 2-3] We also note, as did Judge Conaboy, that no defendant opposed the Motion for Judgment of the Pleadings. [ECF No. 37 at 3].

"A court has the discretion to award to an interpleader plaintiff attorneys fees and costs if the plaintiff is (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability." *Metropolitan*

3

*Life Ins. Co. v. Kubichek,* 83 F. App'x 425, 431 (3d Cir. 2003) (internal quotations omitted). In such actions, a plaintiff is entitled to costs and reasonable counsel fees out of the funds deposited with the court. *Callwood v. V.I. Nat'l Bank*, 221 F.2d 770, 780 (3d Cir.1955); *Prudential Ins. Co. of Am. v. Fantaye,* No. 08–3172, 2009 WL 482699, at *2 (D. N.J. Feb.19, 2009).

Because the stakeholder "is considered to be helping multiple parties to an efficient resolution of the dispute in a single court," courts find that the stakeholder attorney's fees are justified. *Frontier Ins. Co. v. Mission Carrier, Inc.*, No. 91–5151, 1992 WL 209299, at *2 (D. N.J. Aug.24, 1992) (*citing Massachusetts Mut. Life Ins. Co. v. Cent. Penn Nat'l Bank*, 372 F.Supp. 1027, 1044 (E.D. Pa.1974), *aff'd*, 510 F.2d 970 (3d Cir.1975)). Additionally, the work required to bring an interpleader suit is minimal and therefore "the fee award should not seriously deplete the fund." *Frontier Ins. Co.,* 1992 WL 209299, at *2.

Courts will only award attorney fees to a disinterested stakeholder, who is "involved 'not because of [his] own wrongdoing but rather because he is the mutual target of a dispute which is not of his own making.'" *Frontier Ins. Co.,* 1992 WL 209299, at *2 (quoting Moore ¶ 22.16(2)). Attorney's fees will not be awarded for work that was "excessive, redundant, or otherwise unnecessary." *Fantaye*, 2009 WL 482699, at *2 (*citing Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

Exercising our discretion, the Court finds that Jackson National is entitled to $10,941.80 in attorney's fees and costs. As conceded by the parties, it is an innocent stakeholder in this action. We have reviewed the fee petition and the attached exhibits. Jackson National does not appear to be requesting reimbursement for any fees and costs associated directly with the Westmoreland County disputes. Jackson National's decision to file in federal court was appropriate under the circumstances, and it is the target of a dispute not of its own making. We

note that Jackson National was not required to respond to our request for briefing on why this action should or should not be stayed. The hourly rates charged by counsel to Jackson National appear to be fair and reasonable. The amount requested is reasonable in light of the effort expended by Jackson National's counsel and such an award does not seriously deplete the fund.

AND NOW, this 29th day of February, 2016, IT IS HEREBY ORDERED THAT Plaintiff Jackson National Life Insurance Company's Motion for Attorney's Fees [ECF No. 58] be and the same is hereby GRANTED. The Clerk of Court is hereby directed to issue payment to Jackson National Life Insurance Company in the amount of $10,941.80, which money shall be paid out of the interpled funds deposited in this Court's registry, as follows:

> Jackson National Life Insurance Company
> c/o Matthew R. Clayberger
> Thomas, Thomas & Hafer, LLP
> 305 N. Front Street, 6th Floor
> Harrisburg, PA 17101

/s/ *Robert C. Mitchell*
ROBERT C. MITCHELL
United States Magistrate Judge

cc: record counsel via CM-ECF