# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACKSON NATIONAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 15-1629 |
| v. | ) ) | Magistrate Judge Robert C. Mitchell |
| LINDA LUNT, LISA DONOVAN, LONNIE BRICE, BRIAN LAURICH, ALEXANDER POLKOWSKI, and RICHARD POLKOWSKI, Defendants. | ) ) ) ) ) ) | |

## **MEMORANDUM OPINION and ORDER**

Mitchell, M.J.

Presently pending before the Court is a Motion for Permanent Injunction pursuant to 28 U.S.C. § 2361 filed on behalf of Plaintiff Jackson National Life Insurance Company ("Jackson National"). For the reasons stated herein, the motion will be granted.

Because we write solely for the parties we will keep our background summary as succinct as possible. For a more detailed summary, *see* Mem. P. and Order dated Feb. 23, 2016 [ECF No. 63] (staying and administratively closing this case).

Jackson National initiated this action by filing a Complaint in Interpleader as the action arises out of conflicting multiple claims to the proceeds of three life insurance annuity policies ("the Policies") issued by Jackson National to Flora Yurkanin. who died testate on January 17, 2015. [ECF No. 1]. Defendants herein are claimants Lonnie Brice, Lisa Donovan, Brian Laurich, Alexander Polkowski, and Richard Polkowski (hereinafter "Beneficiaries"), as well as adverse

1

claimant, represented by separate counsel, Linda Lunt.

On April 13, 2015, Jackson National filed the instant action in the United States District Court for the Middle District of Pennsylvania at Case Number 3:15-cv-00717 (Conaboy, J). On July 17, 2015, Jackson National filed its Motion for Judgment on the Pleadings and supporting Brief. [ECF Nos. 25, 26]. On June 19, 2015 Judge Conaboy ordered the parties to file briefs setting forth all relevant factual and legal issues supporting their competing claims to the proceeds of three annuities within thirty days.

However, apparently dissatisfied with Jackson National's choice of forum, certain Defendants filed a subsequent Action for Declaratory Judgment and Other Relief in the Westmoreland County Orphan's Court on July 10, 2015 ("Westmoreland County Action"). [ECF No. 29-1].

Certain defendants then filed a motion for extension of time to file briefs in the instant action, which was granted. Briefs supporting competing claims were due August 10, 2015. [ECF No. 27]. On July 31, 2015, certain Defendants herein filed a motion to stay [ECF No. 28], which Jackson National and claimant Lunt opposed [ECF Nos. 31, 34].

Judge Conaboy granted Jackson National's Motion for Judgment on the Pleadings by Order dated November 23, 2015, stating that Jackson National "is released from any further liability in this matter." [ECF No. 36]. The Motion was uncontested and "Defendants have explicitly concurred in Plaintiff's Motion for Judgment on the Pleadings." [ECF No. 37-3] The Court ordered Jackson National to pay the entire accrued sums on its annuity policies into that Court's registry and released Jackson National from further liability. [ECF No. 36]. Judge Conaboy ruled that Jackson National has no interest in who receives the proceeds of the subject

death benefits, and that Jackson National filed suit to protect itself from financial liability that could have arisen if Jackson National paid the proceeds to the wrong party. [ECF No. 37]. "The Plaintiff's only interest here is to make the policy proceeds available to whichever party or parties is ultimately judicially determined to be the appropriate recipient." [ECF No. 37 at 3].

On December 10, 2015, those sums were so received by the Court. On December 11, 2015, Judge Conaboy summarily denied the Motion to Stay Proceedings in federal court and *sua sponte* directed transfer of the case to this Court pursuant to 28 U.S.C. § 1404(a). [ECF No. 38 at 6.]

On December 21, 2015, this Court entered an Order that the Clerk of Court for this district deposit to the registry of this court the proceeds of the three annuity policies whose beneficiary designation is at issue. Those sums were so deposited and totaled $141,003.40.

On February 23, 2016, this Court stayed this case "pending resolution of the litigation in the Court of Common Pleas of Westmoreland County at No. 65-15-0133" and administratively closed the case but stated that "[s]hould further proceedings therein become necessary or desirable, either party may initiate them in the same manner as if the Order had not been entered." [ECF No. 63]. The resolution of the conflicting claims to the death benefits has been left in the hands of the state court, and the funds remain held pending that outcome.

Jackson National is a named defendant in a declaratory judgment action in the Westmoreland County Action [ECF No. 66-1]. Plaintiffs therein at Count I request entry of a declaratory judgment that they are the proper beneficiaries of the annuity policies and that Jackson National must pay the interpled death benefits to plaintiffs therein (and not claimant Linda Lunt). Count II alleges breach of contract, averring Jackson National owed the beneficiaries a contractual duty to properly pay the

3

policy benefits, breached the duty by failing to pay the benefits, and lacked justification or good faith basis to withhold the benefits and to commence its suit in the Middle District of Pennsylvania, and finally, that Jackson National is obligated to pay plaintiffs therein under the term of the policies at issue.

At the time we entered our order staying this case, the Westmoreland County Action was also stayed pending disposition of this federal interpleader action. The Court presumed that in accord with the Judgment on the Pleadings granted in favor of Jackson National it would similarly be relieved of liability in the state court action. That has not happened.[1]

On February 10, 2017 Jackson National filed the present motion for a permanent injunction. The matter has been fully briefed. Jackson requests an injunction as follows:

> Defendants Lunt, Donovan, Brice, Laurich, A. Polkowski, and R. Polkowski are hereby PERMANENTLY ENJOINED from prosecuting any state or federal lawsuit against Jackson National based on the interpled annuity death benefits that were the subject of this suit, including, but not limited to, the pending action filed in the Westmoreland County Court of Common Pleas at Orphans Court Docket No. 0133 of 2015.

[ECF No. 66 at 9]. Jackson National argues that the declaratory judgment claim is moot because the annuity death benefits were deposited into this Court's registry more than a year ago, and courts have concluded that an interpleader claimant cannot bring suit under these circumstances.

Defendants oppose the request. Such an injunction, however, is appropriate in this case.

Section 2361 of Title 28 of the United States Code, upon which Jackson National now relies, authorizes district courts to enter preliminary and permanent injunctions restraining claimants from

---

1 Jackson National filed a motion for summary judgment in the Westmoreland County Action on March 21, 2016, four weeks after our Memorandum Opinion and Order staying this action and administratively closing the case. Discovery continues in the Westmoreland County Action and all dispositive motions are to be filed on or before

instituting or prosecuting legal proceedings in state or federal courts affecting the res at issue in an interpleader action:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court.... Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361. The Court has "extensive discretion under Section 2361 with respect to the issuance and scope of the order." *Star Ins. Co. v. Cedar Valley Express, LLC*, 273 F. Supp. 2d 38, 42 (D.D.C. 2002), citing 7 Wright, Miller & Kane, Federal Practice & Procedure: Civil § 1717.

"Interpleader is a procedural device which entitles a person holding money or property, concededly belonging at least in part to another, to join in a single suit two or more persons asserting mutually exclusive claims to the fund." *White v. Fed. Deposit Ins. Corp.*, 19 F.3d 249, 251 (5th Cir. 1994). The United States Supreme Court has noted that the purpose and effect of statutory interpleader is to confine the litigation over the proceeds of a fund or other res to a single forum and proceeding

> where a stakeholder, faced with rival claims to the fund itself, acknowledges-or denies-his liability to one or the other of the claimants.... In this situation, the fund itself is the target of the claimants. It marks the outer limits of the controversy. It is, therefore, reasonable and sensible that interpleader, in discharge of its office to protect the fund, should also protect the stakeholder from vexatious and multiple litigation.

*State Farm & Cas. Co. v. Tashire*, 386 U.S. 523, 534 (1967) (footnote omitted). Interpleader actions

---

March 31, 2017, responses thereto by April 28, 2017, and oral argument set for May 17, 2017.

are properly invoked in cases where a party is exposed to multiple claims relating to a single obligation, and wishes to obtain an adjudication of those claims in a single proceeding, and under 28 U.S.C. § 2361, Congress has granted to district courts the power to grant injunctive relief in furtherance of this objective. *See NYLife Distributors, Inc.*, 72 F.3d at 381-82 (noting that "the interpleader statute is remedial, aimed at assisting a party who fears the vexation of defending multiple claims to a fund ... by providing him the opportunity to satisfy his obligation in a single proceeding" and also recognizing that by enacting 28 U.S.C. § 2361 Congress gave district courts the power to order injunctive relief, "even grant [ing] them injunctive authority over state courts, thereby exempting statutory interpleader actions from the proscriptions of the Anti-Injunction Act"). As interpleader actions are remedial in nature, the governing rules and statutes are to be liberally construed. *Tashire*, 386 U.S. at 533. Commentators have noted that an injunction may be necessary to aid in the court's jurisdiction over an interpleader action, or be "desirable to ensure the effectiveness of the interpleader remedy." 7 Wright, Miller & Kane, Federal Practice & Procedure: Civil § 1717.

Upon consideration of the undisputed fact that there are multiple claims to the proceeds of the insurance policies, and the fact that multiple claimants have initiated actions in state court to enforce their claim to proceeds, we find that injunctive relief is appropriate under 28 U.S.C. § 2361. *New York Life Ins. Co. v. Terry,* No. 15-cv-353, 2017 WL 102965 *5 (E.D. Ky. Jan. 10, 2017). The continued prosecution of the Westmoreland County Action as to the interpleaded funds frustrates the purpose of the federal interpleader statute under which Jackson National filed and was awarded judgment in its favor. An interpleader claimant cannot bring suit against a life insurer for breach of contract based on the life insurer's decision to interplead disputed death benefits instead of paying

6

the benefits directly to one competing claimant over another. *See, e.g. Reliance Standard Life Ins. Co. v. Winiarski*, No.12-CV-123, 2012 WL 1564540 (W.D. Pa. May 3, 2012); *Genworth Life Ins. Co. v. Sehorne,* No. 07-CV-2308, 2008 WL 912438, *3-4 (M.D. Fla. Apr. 1, 2008); *Commerce Funding Corp. v. Southern Financial Bank*, 80 F.Supp.2d 582, 585 (E.D. Va. 1999). The entry of the injunction will not interfere with the state court's ability to administer decedent's estate because it enjoins only those claims involving the property interpled into federal court. The purpose of our order dated February 23, 2016 was to stay this litigation so that defendants could litigate their entitlement to the annuity death benefits in the state court action, where those parties were already litigating the underlying will contest.[2] Defendants have not challenged the jurisdiction of the federal court prior to Judge Conaboy entering judgement in favor of Jackson National. Jackson National's right to interpleader relief stands.

Accordingly, we enter the following order.

AND NOW, to-wit, this __ day of March, 2017, IT IS HEREBY ORDERED THAT Defendants Lunt, Donovan, Brice, Laurich, A. Polkowski, and R. Polkowski are hereby PERMANENTLY ENJOINED from prosecuting any state or federal lawsuit against Jackson National based on the interpled annuity death benefits that were the subject of this suit, including,

---

[2] We reject the argument that we should abstain from ruling on the instant motion based on comity, *Younger v.Harris,* 401 U.S. 37 (1971) or *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). The jurisdictional grant of the interpleader statute, 28 U.S.C. § 1335 and 28 U.S.C. § 2361 are clear and these are not exceptional circumstances. The state court action was filed after this one, the funds have been interpled into the federal court and piecemeal litigation would be avoided.

but not limited to, the pending action filed in the Westmoreland County Court of Common Pleas at Orphans Court Docket No. 0133 of 2015.

IT IS FURTHER ORDERED THAT THE Clerk of Court shall mark this case as administratively CLOSED. The interpled funds shall remain as deposited in this Court's registry and disbursement shall occur upon final adjudication by the state court of the competing claims.

/s/ *Robert C. Mitchell*
ROBERT C. MITCHELL
United States Magistrate Judge

cc: record counsel via CM-ECF